## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 11 2017, 7:21 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ruth Johnson
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Deavin Bledsoe,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

May 11, 2017

Court of Appeals Case No.
49A05-1611-CR-2464

Appeal from the Marion Superior Court

The Honorable David J. Certo, Judge

Trial Court Cause No.
49G12-1608-CM-32550

**Najam, Judge.**

## Statement of the Case

[1]     Deavin Bledsoe appeals his sentence following his conviction for public nudity, as a Class C misdemeanor. Bledsoe presents a single issue for our review, namely, whether the trial court erred when it ordered him to stay away from a certain intersection in Indianapolis when he serves the suspended portion of his sentence. We affirm.

## Facts and Procedural History

[2]     On August 19, 2016, Bledsoe was seen urinating in public outside a convenience store located at 10th Street and Oxford Street in Indianapolis. The State charged Bledsoe with public nudity, as a Class C misdemeanor. Following a bench trial on October 5, the trial court found Bledsoe guilty as charged, entered judgment, and sentenced him to sixty days with thirty-six days suspended. During sentencing, the trial court "order[ed]" Bledsoe "not to return" to the intersection of 10th Street and Oxford. Tr. at 22. This appeal ensued.[1]

## Discussion and Decision

[3]     Bledsoe's sole contention on appeal is that the trial court was not authorized to impose a "stay-away" order as part of his sentence. Appellant's Br. at 9.

---

[1] We note that this sentence is consecutive to a sentence Bledsoe is currently serving in another county. Bledsoe testified at sentencing that he would not be released until the "end of next year." Tr. at 23-24. Because Bledsoe has yet to serve the sentence in this matter, the issue on appeal is not moot.

Bledsoe maintains that a trial court may only impose a stay-away order as a condition of probation. In support of that contention, Bledsoe cites Indiana Code Section 35-50-7-2, which provides:

> The court that places a person *on probation* following conviction may issue an order, reasonable in scope, under this chapter that prohibits the person from entering the:
>
> (1) area or property where an offense was committed by the person; and
>
> (2) area immediately surrounding the area or property where an offense was committed by the person.

(Emphasis added). Bledsoe contends that, because the trial court did not order him placed on probation, the court erred when it ordered him to stay away from the intersection. We agree that under Indiana Code Section 35-50-7-2 a stay-away order may only be issued when a defendant is placed on probation.

[4] The State maintains that the trial court's comments at sentencing did not constitute a "stay-away order" but were merely "a cautionary warning because the trial court did not want Bledsoe to get into additional trouble based on the neighborhood complaints and his current conviction." Appellee's Br. at 7. In the alternative, the State contends that a "stay[-]away order can properly be considered as [a] term of an informal probation."

[5] First, nothing in the record indicates that the trial court imposed informal probation in this case, so the State's contention on that issue is without merit. Second, we agree with Bledsoe that the trial court erred in its oral sentencing

statement when it "ordered" him to stay away from the intersection of 10th Street and Oxford Street. However, the written sentencing order does not include a stay-away order, and, rather than remand for resentencing, we credit the court's written sentencing order over the oral order. *See McElroy v. State*, 865 N.E.2d 584, 589 (Ind. 2007). The trial court's written sentencing statement properly omits the stay-away order. The trial court gave Bledsoe good advice from the bench, but he is not required to stay away from the intersection of 10th Street and Oxford Street in Indianapolis when he serves the suspended portion of his sentence.

[6] Affirmed.

Riley, J., and Bradford, J., concur.